JOHN F. REYNOLDS & another *vs.* ANNA FARLEY & another.   March 29, 1962.   Decree affirmed.   There was no error in denying the motions for jury issues.   The judge could give weight to the affidavits of two witnesses, one the lawyer who drew the will and was named an executor thereof, which, if believed, showed due execution of the will.   He evidently did not deem of offsetting significance, and we do not, the statement, based on signed writings of the third witness and of the layman witness whose affidavit was in evidence, that the contestants expected to have evidence of invalid execution.

*Douglas Danner* for the contestant Anna Farley.

*Harry N. Steinberg* for the contestant John J. McKearney.

*Edward O. Proctor (John F. Reynolds* with him) for the proponents.

JAMES B. SULLIVAN *vs.* BOSTON FUEL TRANSPORTATION, INC. & another.   March 30, 1962.   Exceptions overruled.   This is an action of tort brought pursuant to the Jones Act, 46 U. S. C. § 688 (1958), for personal injuries sustained by the plaintiff while serving as a member of the crew of a coastal oil tanker.   The only evidence before the judge was the auditor's report.   The plaintiff and defendants filed motions for judgment on the auditor's report.   The plaintiff's motion was granted and the defendants' motion denied.   The auditor found that a fellow crew member of the plaintiff was negligent.   In cases involving an action under the Federal Employers' Liability Act, the provisions of which are made applicable to actions under the Jones Act (see *Schulz* v. *Pennsylvania R.R.* 350 U. S. 523, 524), the Supreme Court of the United States has made it clear that the Federal rule, here applicable, requires sustaining a finding for the plaintiff if "employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought."  See *Rogers* v. *Missouri Pac. R.R.* 352 U. S. 500, 506–507; *Keough* v. *Cefalo,* 330 Mass. 57, 60; *Rankin* v. *New York, N. H. & H. R.R.* 338 Mass. 178, 182.   The findings in the auditor's report were sufficient to satisfy the Federal rule.

*Joseph F. Dolan (Harry J. Williams* with him) for the defendants.

*Nathan Greenberg* for the plaintiff.